## DICKENS et al. v. YELTON et al.

**Judgment Against Administrator and Heirs.**
> In a judgment against an administrator it should be ordered that the amount be made of assets unadministered in the hands of the personal representation, and of assets descended to the heirs.

**Lis Pendens.**
> Actual service must be had to constitute *lis pendens.*

APPEAL FROM CAMPBELL CIRCUIT COURT.

February 23, 1866.

OPINION BY THE COURT:

In his original petition Dickens alleges that there was an incumbrance on the land he purchased of Hobner, but does not point out the character or estate of the incumbrance. In his amended petition he expressly states that at the time of his purchase he knew his vendor had mortgaged the land for the purchase price, and that the same was unpaid, and notwithstanding his knowledge of these facts he assigned the two notes on Tarvin to Hobner in part satisfaction of the price he agreed to pay for said land, which by the several assignments set forth passed the one to Yelton and the other to Clary upon valuable considerations.

It appears that a part of the land was sold by virtue of a judgment of foreclosure to satisfy the debt secured by the mortgage, which Dickens was apprised of when he assigned the notes to Hobner. There is no evidence that at the time the notes were assigned to Yelton and Clary respectively they had any notice of the existence of the equity relied upon by Dickens.

At the dates of the assignments of the notes it does not appear in this record that process had been executed on Yelton, Clary, or George Hobner; indeed it does not appear that a summons even had ever been executed on George Hobner, and where these assignees took the notes as to them there was no *lis pendens,* and there is no evidence that they had any notice of Dickens' equity.

. If the judgment for the damages and costs is in fact against the administrator and heirs to be levied of their own goods, a construction which we are inclined to think it will not bear, still

the court below will upon return of the cause order the amount to be made of assets unadministered in the hands of the personal representative and of assets descended to the heirs of Dickens.

Judgment affirmed.